# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JAMES PATE GUSTAFSON;<br><br>    Plaintiff,<br><br>  v.<br><br>FUTURE MOTION, INC., a Delaware corporation with its principal place of business located in California; and ZION CYCLERY, INC. an Illinois corporation with its principal place of business located in Illinois;<br><br>    Defendants. | Civil Action No. _____<br><br>Honorable _____ |

## NOTICE OF REMOVAL

  Defendant, Future Motion, Inc., (herein after "Future Motion"), gives notice of the removal of this action under 28 U.S.C. §§ 1332, 1441, and 1446. This Court has subject matter jurisdiction and the case is removable because there is complete diversity between Future Motion and Plaintiff, James Pate Gustafson, (hereinafter "Gustafson"), and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

  As a short and plain statement on the grounds for removal, Future Motion states as follows:

  1.  This is a personal injury action arising from Plaintiff Gustafson's alleged use of a Onewheel XR manufactured by defendant Future Motion. Plaintiff alleges he sustained serious and permanent injuries on December 26, 2021, while operating the Onewheel XR.

  2.  On April 8, 2022, Plaintiff filed a complaint against Future Motion and Zion Cyclery, Inc., in the Circuit Court of Lake County, Illinois, County Department, Law Division, as case number 22LA00000121. A copy of the complaint is attached as <u>Exhibit A</u>. As of the time of the filing this Notice of Removal, Zion Cyclery has not been served with the Complaint or any

other process, pursuant to the court docket.

3. No further proceedings have been had in the state court action.

4. Pursuant to 28 U.S.C. § 1446(a), copies of the following documents are attached to the Notice of Removal:

> **Exhibit A:** Plaintiff's Complaint at Law
>
> **Exhibit B:** A copy of the court file docket for the state court action.
>
> **Exhibit C:** Notice of Lack of Service of Zion Cyclery, Inc. (Lake County Sheriff's Office)
>
> **Exhibit D:** Illinois Secretary of State Dissolution Zion Cyclery, Inc.
>
> **Exhibit E:** Notice of Filing Notice of Removal (Lake County, IL)

## ARGUMENT

**I. Removal is proper under 28 U.S.C. § 1441 because this Court has diversity jurisdiction under 28 U.S.C. § 1332.**

5. This case is properly removed to this Court under 28 U.S.C. §§1332(a)(1) and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between parties.

**A. The amount in controversy exceeds $75,000.**

6. Under 28 U.S.C. § 1446(c)(2)A)(ii), Future Motion asserts that the amount in controversy exceeds $75,000, exclusive of interests and costs. Future Motion makes this assertion in good faith based on Plaintiff's alleged injuries. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing party therefore only must establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by the evidence.") (citation omitted).

7. Plaintiff alleges serious injuries and economic losses stemming from Future

Motion's alleged breaches. Compl. ¶¶ 2, 4, 5. Plaintiff contends that he has suffered: (1) severe and permanent injuries, both externally and internally; (2) pain and suffering, both in mind and body, past and future; (3) reasonably and necessary medical, hospital, and rehabilitation care and services; (3) hindrance and prevention from attending his usual duties and affairs; (4) loss of value of time, past and future; and all other monetary relief and compensatory damages as permissible at common law and by statute. *Id.* at ¶ 5.

8. It is clear on the face of the Complaint that Plaintiff's claimed damages exceed $75,000, exclusive of interest and costs. *See McCoy by Webb v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceed the jurisdictional amount.") While Plaintiff's claimed damages plainly exceed the $75,000, Future Motion does not concede that Plaintiff is entitled to damages at all. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing defendant need not confess liability in order to show that the controversy exceeds the threshold.")

9. "An alleged amount in controversy satisfies the jurisdictional requirement so long as it is not legally impossible for the claimant to recover that amount in damages on the claim." *Knopick v. Jayco, Inc.*, 895 F.3d 525, 529 (7th Cir. 2018) (citing *Grinnell Mutual Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012)). An award of more than $75,000 "is not legally impossible." *Id.* It is therefore apparent from the face of the Complaint that more than $75,000, exclusive of interest and costs, is in controversy in this case.

**B. There is complete diversity of citizenship among the parties.**

10. This Court's jurisdictional diversity requirement is satisfied because the suit is

between "citizens of different states." 28 U.S.C. § 1332(a)(1).

11. For diversity jurisdiction purposes, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

12. Plaintiff is a resident of the Village of Riverwoods, County of Lake, in the State of Illinois. *See* Exhibit A, Compl. ¶ 3.

13. Future Motion is a corporation incorporated and existing under the laws of Delaware, with its principal place of business in Santa Cruz, California.

14. As of the time of the filing this Notice of Removal, Zion Cyclery, Inc. has not been served with the Complaint or any other process according to the state court docket and Lake County Sheriff's Department. *See* Exhibit B, Docket; Exhibit C, Notice of Non-Service received May 18, 2022.

15. Therefore, complete diversity exists among the parties pursuant to 28 U.S.C. § 1441(b)(2); *see also West Bend Mutual Ins. Co. v. MSPPR LLC,* 2021 WL 463259 (N.D. IL 2021).

16. Also, Zion Cyclery, Inc., dissolved in November 2021, and upon information and belief, no longer continues operations or corporate existence as of the date of plaintiff's initiation of this lawsuit.

17. 28 U.S.C. § 1441(b)(2) provides that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Zion Cyclery was allegedly a citizen of Illinois; however, based upon the court docket, Zion Cyclery has not been served as of the time of this Notice of Removal. Section 1441(b)(2) allows removal of this matter as interpreted by *West Bend Mutual Ins. Co. v. MSPPR LLC,* 2021 WL 463259 (N.D. IL 2021). Section 1441(b)(2)'s "home state" bar on removal only

applies to defendants that have been "properly . . . served." *See Gibbons v. Bristol-Meyers Squibb Co.*, 919 F.3d 699, 704-07 (2d. Cir. 2019) ("Put simply, the result here – that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship – is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018) (holding that the "plain meaning [of section 1441(b)(2)] precludes removal on the basis of in-state citizenship *only* when the defendant has been properly joined and served" and that removal prior to service of the forum defendant "is not so outlandish as to constitute an absurd or bizarre result" (emphasis added)); *D.C. by & through Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 992 (N.D. Ill. 2018) (holding "that the statutory text [of section 1441(b)(2)] must control" and that the statute does not bar removal where a joined forum defendant remains unserved); *Graff v. Leslie Hindman Auctioneers, Inc.*, No. 17-CV-06748, 2017 WL 4864871 (N.D. Ill. Oct. 26, 2017) (holding that where a forum defendant is un-served "[t]he forum defendant rule does not apply here under the plain meaning of [§ 1441(b)(2)]").

18. Future Motion is aware of contrary authority in this District, e.g., *Norwegian Air Shuttle ASA v. Boeing Co.*, 530 F.Supp.3d 764 (N.D. IL. 2021). Future Motion urges the interpretation of the 1441(b)(2) applied in *West Bend Mutual Ins. Co. v. MSPPR LLC,* 2021 WL 463259 (N.D. IL 2021) as the proper application of the plain language of 28 U.S.C. § 1441(b)(2).

**II.     Future Motion has satisfied the procedural requirements for removal.**

**A.  Removal is timely.**

19. Under 29 U.S.C. § 1446(b), a defendant may remove an action within thirty days after receipt of a copy of the complaint through service or otherwise. Plaintiff's filed the state court action on April 8, 2022. *See* <u>Exhibit A</u>. Future Motion was served on April 20, 2022. This Notice

of Removal is timely.

### B. The Northern District of Illinois is the proper District to which this case may be removed.

20. The United States District Court for the Northern District of Illinois embraces Lake County, the county in which Plaintiff filed his state court action. This action is therefore properly removed to the Northern District of Illinois under 28 U.S.C. §§ 93(a) and 1441(a).

### C. All procedural requirements have been met.

21. In compliance with 28 U.S.C. § 1446(d), Future Motion will promptly file written notice of this removal and a copy of the Notice of Removal with the Lake County clerk. *See* Exhibit E. Future Motion will also serve written notice of filing of this Notice of Removal on counsel for the plaintiff.

22. By filing this notice of removal, Future Motion does not waive any rights, privileges, or defenses, and does not concede that this is an appropriate or convenient forum to resolve these claims.

WHEREFORE, defendant, FUTURE MOTION, INC., respectfully requests that this Court remove this action from the Circuit Court of Lake County, Illinois, County Department, Law Division, bearing number 22LA00000121, to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

*/s/ Michael A. McCaskey*
One of the Attorneys for
Future Motion, Inc.

Michael A. McCaskey | MMcCaskey@smbtrials.com
Attorney ID: 6286828
SWANSON, MARTIN & BELL, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611
Telephone: (312) 321-9100

## **CERTIFICATE OF SERVICE**

I, Michael A. McCaskey, an attorney in the law firm Swanson, Martin & Bell, LLP, certify that on May 18, 2022, I filed a copy of the foregoing document electronically using the Court's CM/ECF System, which will generate notice of this filing to all counsel of record and served the documents via electronic mail and First-Class U.S. Mail to the following:

D. Jeffrey Comeau
O'CONNOR & NAKOS, LTD.
120 N. Lasalle Street, 35th Floor
Chicago, IL  60602
(312) 546-8100
jcomeau@oconnornakos.com

By: /s/ *Michael A. McCaskey*
Michael A. McCaskey | MMcCaskey@smbtrials.com
Caitlin M. Barry | cbarry@smbtrials.com
SWANSON, MARTIN & BELL, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611
Telephone: (312) 321-9100
ID: 6286828